CLERK'S OFFICE U.S. DIST. COURT
AT BIG STONE GAP, VA
FILED

FEB 06 2012

JULIA C. DUDLEY, CLERK
BY: /s/ _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| JOHN CARICO on behalf of himself and all others similarly situated,<br><br>Plaintiff.<br>v.<br><br>VIRGINIA FUEL CORPORATION, A&G COAL CORPORATION, and SOUTHERN COAL KENTUCKY CORPORATION,<br><br>Defendants. | **CLASS ACTION COMPLAINT**<br><br>2:12-CV-00003 |

Plaintiff John Carico ("Plaintiff") alleges on his own behalf and on behalf of the class of those similarly situated as follows:

### NATURE OF THE ACTION

1. The Plaintiff brings this action on behalf of himself, and other similarly situated former employees who worked for Defendants and who were terminated without cause, as part of, or as the result of, mass layoffs or plant closings ordered by Defendants on or about January 28, 2012 and within thirty (30) days of that date, and who were not provided 60 days advance written notice of their terminations by Defendants, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 et. seq.

2. Plaintiff and all similarly situated employees seek to recover 60 days wages benefits, pursuant to 29 U.S.C. § 2104, from Defendants.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. § 2104(a)(5).

4. The violation of the WARN Act alleged herein occurred in this district.

5. Venue in this Court is proper pursuant to 29 U.S.C. § 2104(a)(5).

## THE PARTIES

### *Plaintiff*

6. Plaintiff John Carico was employed by Defendant, as a "single employer," and worked at or reported to the Defendants' facility located at 6250 Hurricane Road, Wise, Virginia (the "Wise Facility") until his termination on or about January 28, 2012.

### *Defendants*

7. Upon information and belief at all relevant times, Defendants as a "single employer" maintained and operated their business at the Wise Facility.

8. Upon information and belief and at all relevant times, Defendant Virginia Fuel Corporation ("VF") is a Delaware corporation with its principal place of business located at the Wise Facility and conducted business in this district.

9. Upon information and belief and at all relevant times, Defendant A&G Coal Corporation ("A&G") is a Virginia corporation with its principal place of business located at the Wise Facility and conducted business in this district.

10. Upon information and belief and at all relevant times, Defendant Southern Coal Kentucky Corporation ("Southern Coal") is a Delaware corporation with its principal place of business located at 106 Lockheed Drive, Beaver, West Virginia and conducted business in this district.

11. Until on or about January 28, 2012, the Plaintiff and all similarly situated employees were employed by Defendants as a "single employer" and worked at or reported to its Wise Facility.

2

12. Upon information and belief, the Defendants made the decision to terminate the employees.

## CLASS ALLEGATIONS, 29 U.S.C. § 2104

13. Plaintiff brings this action on his own behalf and on behalf of all other similarly situated former employees of Defendants who worked at or reported to one of Defendants' Facilities and were terminated without cause on or about January 28, 2012 and within 30 days of that date, or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendants on that date, pursuant to 29 U.S.C. § 2104(a)(5).

14. On or about January 28, 2012, Defendants as a "single employer" ordered mass layoffs and/or a plant closings as defined by 29 U.S.C. § 2101(a)(2), (3), for which it was required to provide 60 days advance written notice under the WARN Act to its employees.

15. At or about the time of the aforementioned terminations, Defendants terminated approximately 300 other similarly situated employees at the Wise Facility (the "other similarly situated former employees").

16. Pursuant to 29 U.S.C. § 2104(a)(5), the Plaintiff maintains this action on behalf of himself and on behalf of each of the other similarly situated former employees.

17. Each of the other similarly situated former employees is similarly situated to the Plaintiff in respect to his or her rights under the WARN Act.

18. The Plaintiff and the other similarly situated former employees are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

19. Defendants were required by the WARN Act to give the Plaintiff and the other similarly situated former employees at least 60 days advance written notice of their respective terminations.

3

20. Prior to their termination, neither the Plaintiff nor the other similarly situated former employees received written notice that complied with the requirements of the WARN Act.

21. Defendants failed to pay the Plaintiff and the other similarly situated former employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) calendar days following their respective terminations and failed to make 401(k) contributions and provide them with health insurance coverage and other employee benefits under ERISA for 60 calendar days from and after the dates of their respective terminations.

## CLASS ALLEGATIONS, F.R.C.P. 23

22. Plaintiff sues under the Federal Rules of Civil Procedure, 23(a) and (b), on behalf of himself and a class of persons who worked at or reported to Defendants' Facility and were terminated without cause on or about January 28, 2012, and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendants on or about January 28, 2012, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "Class").

23. The persons in the Class identified above ("Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

24. On information and belief, the identity of the members of the class and the recent residence address of each of the Class Members is contained in the books and records of Defendants.

25. On information and belief, the rate of pay and benefits that were being paid by Defendants to each Class Member at the time of his/her termination is contained in the books and records of the Defendants.

26. There are questions of law and fact common to the Class Members that predominate over any questions affecting individual members.

27. The claims of the Plaintiff are typical of the claims of the Class.

28. The Plaintiff will fairly and adequately protect the interests of the Class.

29. The Plaintiff has retained counsel competent, experienced in complex class action employment litigation.

30. A class action is superior to other available methods for the fair and efficient adjudication of this controversy – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendants.

31. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will avoid multiplicity of suits, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

32. There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

>  (a) whether the Class Members were employees of the Defendants who worked at or reported to Defendants' Facilities;
>
>  (b) whether Defendants, terminated the employment of the Class Members without cause on their part and without giving them 60 days advance written notice; and

(c) whether Defendants paid the Class members 60 days wages and benefits as required by the WARN Act.

## CLAIM FOR RELIEF

33. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

34. At all relevant times, Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

35. At all relevant times, the Defendants were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a).

36. At all relevant times, Plaintiff and the other similarly situated former employees were employees of Defendants as that term is defined by 29 U.S.C. §2101.

37. The Defendants constituted a "single employer" of the Plaintiff and the Class Members the WARN Act in that, among other things:

   (a) The Defendants shared common ownership, in that on information and belief, Southern Coal owns A&G and VF, and the Justice family in turn owns Southern Coal.

   (b) The Defendants shared common officers and directors, in that James C. Justice II is either the President or Director, or both of all three entities, James C. Justice III is a Vice-President or Director or both, of all three entities, Stephen W. Ball is Secretary and James T. Miller is Treasurer of all three entities;

   (c) All of the Defendants exercised de facto control over the labor practices governing the Plaintiff and Class members, including the decision to order the mass layoff or plant closing of the Facilities;

   (d) There was a unity of personnel policies emanating from a common source between Defendants; and

   (e) There was a dependency of operations between Defendants.

6

38. On or about January 28, 2012, the Defendants ordered mass layoffs and/or plant closings at the Facility, as that term is defined by 29 U.S.C. § 2101 (a)(2).

39. The mass layoffs and/or plant closings at the Facility resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendants' employees as well as more than 33% of Defendants' workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101(a)(8).

40. The Plaintiff and the Class Members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendants at the Facility.

41. The Plaintiff and the Class Members are "affected employees" of Defendants, within the meaning of 29 U.S.C. § 2101 (a)(5).

42. Defendants were required by the WARN Act to give the Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

43. Defendants failed to give the Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

44. The Plaintiff is, and each of the Class Members are, "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104 (a)(7).

45. Defendants failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

7

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, individually and on behalf of all other similarly situated persons, pray for the following relief as against Defendants, jointly and severally:

A. Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and 29 U.S.C. § 2104(a)(5), Plaintiff and the other similarly situated former employees constitute a single class;

B. Designation of the Plaintiff as Class Representative;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A judgment in favor of the Plaintiff and each of the "affected employees" equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104(a)(1)(4).

E. Interest as allowed by law on the amounts owed under the preceding paragraph;

F. Plaintiff's reasonable attorneys' fees and the costs and disbursements that the Plaintiff incurred in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6); and

G. Such other and further relief as this Court may deem just and proper.

Dated: February 6, 2012

Respectfully submitted,

By: /s/ Mary Lynn Tate
Mary Lynn Tate (VSB 16085)
Tate Law PC
16006 Porterfield Hwy.

8

Abingdon, VA. 24210
Tel: 276-628-5185 Fax: 276-628-5045
mltate@tatelaw.com
*Local Counsel for Plaintiff and the putative class*


Jack A. Raisner
René S. Roupinian
**Outten & Golden LLP**
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Email: jar@outtengolden.com
Email: rsr@outtengolden.com
(*pro hac vice* motion forthcoming)

*Attorneys for Plaintiff and the putative class*

9

Case 2:12-cv-00003-JPJ-PMS   Document 1   Filed 02/06/12   Page 9 of 9   Pageid#: 9